UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLORIA GOMEZ,<br><br>Defendant. | Case No.: 17cr2520-LAB-1 and 18cv1971-LAB<br><br>**ORDER DENYING PETITION UNDER 28 U.S.C. § 2255** |

Defendant Gloria Gomez pled guilty pursuant to a plea agreement to one count of importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. She imported over 24 kilograms of methamphetamine. On November 30, 2017, she was sentenced to 71 months' imprisonment followed by three years' supervised release. Her plea agreement waived appeal and collateral attack, except for ineffective assistance of counsel. (Docket no. 17 at 11:3–10.)[1] She did

---

[1] Specifically, the Plea Agreement provided that Gomez could only appeal a custodial sentence above "the greater of 71 months or the statutory mandatory minimum term . . . ." (Docket no. 17 at 11:4–6.) She was sentenced to 71 months, which triggered the waiver provision.

not file an appeal, but instead filed a petition to vacate her sentence pursuant to 28 U.S.C. § 2255.

To be entitled to a hearing, petitioner must allege specific facts which, if true, would entitle her to relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). No hearing is required in order to examine vague or conclusory allegations. *Blackledge v. Allison*, 431 U.S. 63, 72–73 (1977); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Likewise, under 28 U.S.C. § 2255(b), if the records and files and the petition itself conclusively show that the prisoner is not entitled to relief, no hearing is required.

Gomez's petition raises several grounds for release. First, she asks the Court for a reduction in her sentence because she believes it was too harsh under the circumstances. The Court, however, has no authority to reconsider or modify its sentence at this point. *See* 18 U.S.C. § 3582(c); *Dolan v. United States*, 560 U.S. 605, 622–23 (2010) (citing Fed. R. Crim. P. 35 and 45(b)(2)).

Gomez argues she should have received the benefit of minor role at sentencing. She does not say whether she thinks her counsel was ineffective in failing to argue for this, or whether she thinks the Court should now take this into account and resentence her. Her counsel in fact did request and argue for downward departure for minor role. (*See* Docket no. 22 at 4:10–6:27 (Defendant's Sentencing Memorandum).) If she believes the Court erred by not giving her the benefit of minor role, she has waived that claim; and even if she had not, she cannot challenge that by bringing a § 2255 petition. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1994) (non-constitutional sentencing errors are not cognizable on § 2255 review). But even if she is merely asking the Court to reconsider, the Court does not have authority to do so now. *See* § 3582(c); *Dolan*, 560 U.S. at 622–23. Nor would the Court reconsider even if it could, in view of the amount of methamphetamine she imported: over 24 kilograms, which is gigantic even by border standards. *See United States v. Murillo,* 255 F.3d 1169, 1179 (9th

Cir.2001) ("Where drugs are present in significant quantities, that in itself is sufficient to deny a sentencing reduction [for minor role].")

Gomez argues that she was denied a mental evaluation before signing her plea agreement. The only basis for such an evaluation that she has identified is severe depression, which she says she has never been treated for. Even assuming she was suffering from severe clinical depression at the time she decided to plead guilty, she does not identify any facts that would have made her decision anything other than knowing and voluntary. *See Tanner v. McDaniel*, 493 F.3d 1135, 1145–46 (9th Cir. 2007) (claim that petitioner was suffering from depression when he pled guilty did not support a claim that his plea was involuntary). *See also United States v. Torres*, 697 Fed. Appx. 541, 541 (9th Cir. 2017) (§ 2255 petitioner's "claim that he suffered from untreated depression when he pleaded guilty does not render his plea involuntary.") Furthermore, the magistrate judge, who had an opportunity to observe her demeanor, found that she was competent to enter a plea, and that her guilty plea was made knowingly and voluntarily. (Docket no. 18 at 4:7–9.)

The only potentially appealable claim in Gomez's petition is her fourth claim, for ineffective assistance of counsel. The facts offered in support of this claim are exceedingly thin, however:

> I strongly feel that my attorney could have done more for me in my case. I didn't know much of what was going on and she didn't explain things to me so I can better understand them.

(Docket no. 17 (Petition) at 8.) Most criminal defendants do not understand court proceedings very well, and they often appear "intricate, complex, and mysterious" to non-lawyers, *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938), which is why counsel are appointed for them. *Id.* at 462–63; *Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963). But attorneys do not need to explain every aspect of a case, or even most aspects, to their clients; they only need to explain as much as a client needs to know. Gomez has not pointed to any error by her attorney, much less an

unprofessional one. Conclusory claims such as this do not warrant relief. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993).

Besides failing to show that her counsel was incompetent, Gomez does not explain how she was unfairly prejudiced by anything her attorney did or failed to do. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984) (holding that a defendant bringing an ineffective assistance of counsel claim must show that his counsel's performance fell below an objective standard of reasonableness, and that it prejudiced him). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* test to guilty pleas based on alleged ineffective assistance of counsel).

The petition is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 21, 2019

*[Signature: Larry A. Burns]*

Hon. Larry Alan Burns
Chief United States District Judge